**NOT FOR PUBLICATION**

**CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELESTINE GARRIS-BEY, | Civil Action No.: 11-6115 (JLL) |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| AURORA LOAN SERVICES, LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Aurora Loan Services, LLC's ("Aurora" or "Defendant") motion to dismiss Plaintiff's complaint in its entirety. Although *pro se* Plaintiff Celestine Garris-Bey's allegations are somewhat unclear, it appears she seeks to "quiet title" to her property and argues that, as a result of defective assignments of her mortgage, all claims to the property are void. However, as Plaintiff has already received a final judgment in a foreclosure action, Plaintiff's claims are barred by the Entire Controversy Doctrine and the Doctrine of *Res Judicata*. Accordingly, Defendant's motion to dismiss is granted.

On or about March 3, 2006, Allied Home Mortgage Capital Corporation ("Allied") loaned Plaintiff $386,400.00 (the "Loan"), which is evidenced by a promissory note (the "Note"). As security for the Loan, Plaintiff granted a purchase money mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Allied, on a property at 93 Davenport Avenue, Newark, New Jersey 07107 (the "Property"). The Note contained an agreement that if any installment payment should remain unpaid for thirty days after the same shall fall due, the whole principal sum, with all unpaid interest, fees, costs and advances, should,

at the option of the Note Holder or its representatives, become immediately due and payable. Plaintiff failed to make her monthly payment on February 1, 2008 and all payments due thereafter. Therefore Plaintiff's loan was in default as of March 1, 2008. On May 13, 2008, the Mortgage was assigned to Aurora. On May 22, 2008, Aurora commenced a foreclosure proceeding in state court in New Jersey bearing docket number ESX-F-19767-08. Plaintiff failed to file an Answer to the Complaint in this action and default was entered against Plaintiff on November 6, 2008. Defendant obtained a final judgment in this action on October 23, 2009. A sheriff's sale with respect to the Property was originally scheduled for March 9, 2010 and adjourned nine times with the sale eventually occurring on October 26, 2010. After the sale took place, Plaintiff filed and Order to Show Cause in the state court action to extend the redemption period for ninety days on the basis of "fraud [and] misrepresentation." On November 17, 2010 the Honorable Kenneth S. Levy, P.J.Ch. denied Plaintiff's application to extend the redemption period.

New Jersey's Entire Controversy Doctrine bars a party from raising any claim that has been withheld from prior litigation. See Riemer v. St. Clare's Riverside Medical Center, 300 N.J. Super. 101, 108 (App. Div. 1997). The Doctrine is codified in R. 4:30A, which provides that failure to raise a claim "shall result in the preclusion of omitted claims" in future proceedings. The Third Circuit has elaborated on this rule by stating that "[p]ursuant to the Entire Controversy Doctrine . . . a plaintiff is precluded from litigating in a subsequent proceeding both claims that it actually litigated and claims that it could have litigated in an earlier proceeding." Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927 (3d Cir. 1991). Indeed, the Entire Controversy Doctrine requires litigants to raise all affirmative claims in a single proceeding. See Cogdell v. Hospital Center at Orange, 116 N.J. 7, 24 (1989).

However, in a mortgage foreclosure action, the Doctrine only applies to relevant claims or counterclaims. Whether an issue is germane to the action should be construed liberally. Leisure Technology-Northeast, Inc. v. Klingbeil, 137 N.J. Super. 353, 358 (App. Div. 1975). For example, the court in Joan Ryno, Inc. v. First Nat. Bank of South Jersey, 208 N.J. Super. 562, 570 (App. Div. 1987) held that "germane" in the foreclosure context means only that "the counterclaim must be for a claim arising out of the mortgage foreclosed."

Plaintiff alleges, *inter alia*, fraud and misrepresentation by Defendant and that "diligent research has so far revealed no connection whatsoever between [Aurora and Allied] . . ." Complaint ¶¶ 5, 14. In this case, Plaintiff's allegations are certainly germane as they pertain to Defendants' ability to foreclose on the property. Such claims could and should have been made in the underlying proceeding. However, as Plaintiff never appeared in the Foreclosure Action, she never raised these allegations. Her failure to previously assert the germane claims bars her from raising them now. Accordingly, Plaintiff's complaint must be dismissed.

Similarly, Plaintiff's claims are barred by the Doctrine of *Res Judicata*. *Res Judicata* will bar a future proceeding where: 1) the judgment in the first action is valid, final, and on the merits; 2) the parties in both actions are the same or are in privity with each other; and 3) the claims in the second action arise from the same transaction or occurrence as the claims in the first action. Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 412 (1991). Further, in New Jersey, "a default judgment is a valid and final adjudication on the merits and therefore has *res judicata* effect barring future litigation." Tagayun v. Citibank, N.A., 2006 WL 5100512 *4 (D.N.J. June 9, 2006) (citing Evangelical Baptist Church v. Chambers, 96 N.J. Super. 367, 370-71 (Ch. Div. 1967)).

In this case, the Final Foreclosure Judgment is a valid, final judgment on the merits. The

Defendants in this action were involved in the prior foreclosure action, either as a party to such action or in privity with a party. Lastly, all of Plaintiff's claims arise out of the same transaction or occurrence as the claims in the Foreclosure Action. As such, Plaintiff's claims are barred by the Doctrine of *Res Judicata*.

Accordingly, **IT IS** on this ____ day of March, 2012,

**ORDERED** that Defendant's motion to dismiss Plaintiff's complaint in its entirety is granted with prejudice; and it is further

**ORDERED** that the Clerk of the court shall docket copies of this order under docket numbers: 2:11-cv-6116 and 2:11-cv-7321; and it is further

**ORDERED** that the clerk of the Court shall administratively terminate the pending motions to dismiss in 2:11-cv-6116 and 2:11-cv-7321 as duplicative of this action and close the files in these matters.

**SO ORDERED.**

JOSE L. LINARES
U.S. DISTRICT JUDGE